IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

June 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| Appellee | ) | FILED: JUNE 15, 1998 |
| | ) | |
| V. | ) | MADISON COUNTY |
| | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| MICHAEL RALPH ALFORD | ) | JUDGE |
| | ) | |
| Appellant | ) | NO. 02-S-01-9704-CC-00030 |

For Appellant:                    For Appellee:

DAVID L. HAMBLEN                   JOHN KNOX WALKUP
Union City, Tennessee             Attorney General and Reporter

                                  MICHAEL E. MOORE
                                  Solicitor General

                                  GORDON W. SMITH
                                  Associate Solicitor General

                                  DEBORAH A. TULLIS
                                  Assistant Attorney General
                                  Nashville, Tennessee

                                  JAMES G. WOODALL
                                  District Attorney General

                                  DONALD H. ALLEN
                                  Assistant District Attorney
                                  Jackson, Tennessee

OPINION

REVERSED AND REMANDED                         BIRCH, J.

The Circuit Court for Madison County entered judgment on a jury verdict convicting Michael Ralph Alford, the appellant, of aggravated assault[1] for stabbing Ricky Murchison with the sharp end of a four-way tire tool and inflicting a wound approximately five to six inches deep. Following a hearing, the trial court imposed a sentence of four years in the Department of Correction. Except for sixty days to be served in the county jail, the sentence was suspended upon the following conditions:

>     (1) Three years and ten months of supervised probation;
>
>     (2) Performance of two hundred hours of community service;
>
>     (3) Payment within ninety days of $4,791.01 as restitution to the victim; and
>
>     (4) Payment of $68,589.09 as restitution to the insurance carrier for the medical expenses it paid under the victim's insurance policy.

The Court of Criminal Appeals affirmed the trial court's judgment, and we granted Alford's application for review in order to address an issue of first impression in this state: whether a hospitalization insurance carrier can be a "victim" and thereby receive restitution from a defendant, as ordered by a sentencing

---

[1](a) A person commits aggravated assault who:
    (1) Commits an assault as defined in § 39-13-101, and:
    (A) Causes serious bodily injury to another; . . . .

Tenn. Code Ann. § 39-13-102 (1991).

    (a) A person commits assault who:
        (1) Intentionally, knowingly or recklessly causes bodily injury to another; . . . .

Tenn. Code Ann. § 39-13-101 (1991).

2

court pursuant to Tenn. Code Ann. § 40-35-304(a) (1990). Because we find that the insurance carrier (insurer) was not a "victim" under the circumstances here presented, we vacate that portion of the order requiring payment of $68,589.09 to the insurer and remand the cause for a new sentencing hearing.

I

As a general rule, courts exercising criminal jurisdiction are without inherent power or authority to order payment of restitution except as is derived from legislative enactment. State v. Davis, 940 S.W.2d 558, 562 (Tenn. 1997). Our General Assembly has enacted legislation authorizing trial courts in criminal cases to order a defendant to pay restitution to the victim as a condition of probation. This authorization is contained in Tenn. Code Ann. § 40-35-304(a) (1990), which provides:

> A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation.

Thus, whether an insurer may be a "victim" and thereby receive restitution under Tenn. Code Ann. § 40-35-304 depends upon the meaning of "victim" as used in that statute. Because the statute does not define "victim," we must rely on principles of statutory construction to ascertain its meaning. Construction of a statute is a question of law which we review de novo, with no presumption of correctness. Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn. 1994).

In matters of statutory construction, our paramount obligations are to ascertain and give effect to the legislature's intent, without unduly restricting or expanding a statute's coverage beyond its intended scope. Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997); Wilson v. Johnson County, 879 S.W.2d 807, 809 (Tenn. 1994) (citing State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993)). Legislative intent is to be ascertained primarily from the natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language. Carter, 952 S.W.2d at 419 (citing National Gas Distributors, Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991)). The component parts of a statute should be construed, if possible, so that the parts are consistent and reasonable. Cohen v. Cohen, 937 S.W.2d 823, 827 (Tenn. 1996).

Accordingly, we turn first to the language of the statute for guidance:

> (b) Whenever . . . the victim of the offense or the district attorney general requests, the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss.
>
> (c) The court shall specify at the time of the sentencing hearing the amount and time of payment or other restitution to the victim . . . .
>
> . . . .
>
> (e) For the purposes of this section, "pecuniary loss" means:
> (1) All special damages, but not general damages, . . .

4

> (2) Reasonable out-of-pocket
> expenses incurred by <u>the victim</u>
> resulting from the filing of charges
> or cooperating in the investigation
> and prosecution of the offense; *. . . .*

Tenn. Code Ann. § 40-35-304 (1990) (emphasis added). Additionally, the restitution statute was amended in 1996 to include the following pertinent language:

> (3) If the court sentences a
> defendant to payment of restitution
> and believes that payment to more
> than one (1) <u>victim</u> is proper, the
> court shall determine the pecuniary
> loss of each <u>victim</u> as provided in
> this section and shall order such
> amount of restitution to each such
> <u>victim</u>;
>
> (4) If, as a result of the
> defendant's criminal conduct, <u>the
> victim or victims of the offense</u> are
> dead at the time of sentencing, the
> court may sentence the defendant to
> pay restitution to <u>the victim's or
> victims' next-of-kin</u>; and
>
> (5) Nothing in Acts 1996, ch. 699, §
> 39-11-118, § 40-35-104(c)(2) or this
> subsection shall be construed to
> prohibit or delay <u>a victim</u> from
> applying for and receiving any
> compensation to which such victim is
> entitled under the Criminal Injuries
> Compensation Act, compiled in title
> 29, chapter 13. If the court orders
> the defendant to pay restitution
> pursuant to Acts 1996, ch. 699, § 39-
> 11-118, § 40-35-104(c)(2) or this
> subsection, the state shall have a
> subrogation interest in such
> restitution payments for the full
> amount paid <u>the victim</u> under the
> Criminal Injuries Compensation Act.

Tenn. Code Ann. § 40-35-304(g)(3)-(5)(1997)(emphasis added). In the context of the above-quoted language, it is apparent that the word "victim" refers to the individual or individuals against whom the

5

offense was actually committed.  Nothing in the statute supports a broader application.

Additionally, a victim's insurer is not within the natural and ordinary meaning of "victim."  This is true because an insurer's payment of medical or other expenses is made pursuant to a contractual obligation; thus, the insurer does not suffer the unexpected harm that the actual victim suffers.  See Hewitt v. State, 936 P.2d 330, 332 (Nev. 1997).  Rather, an insurer contracts to accept the risk that claims will be made under the contract of insurance.  Therefore, the guidance offered from the language of the statute is that the legislature did not intend "victim" to apply to insurers in this context.

Our analysis does not end here, however.  When the language of a statute does not yield a clear interpretation, the court may examine the legislative history for additional interpretive guidance.  Carter, 952 S.W.2d at 419.  We examined the legislative history of Tenn. Code Ann. § 40-35-304 and found no relevant discussion within the history of the statute's enactment in 1989.  During a discussion of the 1996 amendment to Tenn. Code Ann. § 40-35-304, only one relevant statement was made, albeit not in the context of the issue here presented.  A member of the General Assembly[2] stated that the victims to which the statute refers would include "the immediate members of the family who had been out the medical expenses, and who had been out the counseling expenses." Tennessee General Assembly, House Tape No. 1, 99th G.A., 2d Sess. &

---

[2]Representative Roy Herron, 76th Legislative District.

1st Extraordinary Sess. (February 7, 1996). This statement, combined with the absence of any discussion concerning whether an insurer may be a "victim" under Tenn. Code Ann. § 40-35-403, leads us to conclude that the legislature probably never considered this issue.

Thus, in considering both the language and the legislative history of the restitution statute, we conclude that the Tennessee Legislature neither envisioned nor intended restitution to apply to insurers which pay claims made under an insurance contract. Had the legislature intended such application, it could have explicitly provided for it. As previously stated, this Court cannot expand the scope of a statute to create results not intended by the legislature. Moreover, we must include in our analysis the rule of statutory construction which requires that criminal statutes be strictly construed in favor of the defendant. State v. Odom, 928 S.W.2d 18, 30 (Tenn. 1996). Under the circumstances presented, then, the insurer is not a "victim" for the purposes of Tennessee's restitution provisions.[3]

_____

[3]Courts of other states have addressed this issue, and their holdings vary depending upon the language of the relevant statute. Vermont's restitution provisions are similar to ours, referring to "the victim" without actually defining the word. 13 Vt. Stat. Ann. § 7043 (Supp. 1997); 28 Vt. Stat. Ann. § 252(b)(1986 & Supp. 1997). The Supreme Court of Vermont concluded that the statutory language does not support the inclusion of insurers in the meaning of "victim." State v. Webb, 559 A.2d 658, 661 (Vt. 1989); see also, e.g., State v. Gardiner, 898 P.2d 615, 624 (Idaho Ct. App. 1995) (superseded by statute); Hewitt, 936 P.2d at 332; State v. Fryer, 496 N.W.2d 54, 56 (S.D. 1993)(superseded by statute). But see, State v. Blanton, 844 P.2d 1167, 1170 (Ariz. Ct. App. 1992); State v. Brooks, 862 P.2d 57, 64 (N.M. Ct. App. 1993); People v. Chery, 511 N.Y.S.2d 88, 89 (N.Y. App. Div. 1987); State v. Stayer, 706 P.2d 611, 613 (Utah 1985).

The State asserts that insurers should be awarded restitution under a subrogation theory. As subrogees, they argue, insurers have the same right to claim restitution in criminal proceedings as the victims whom they have already paid. This Court, however, does not have authority to apply the doctrine of subrogation. The authority to award all forms of restitution, whether by subrogation or any other procedural mechanism, must be granted to the courts by statute. As we have already concluded, no such authority has been granted. See Davis, 940 S.W.2d at 562; State v. Gardiner, 898 P.2d 615, 625 (Idaho App. Ct. 1995) (superseded by statute).

In sum, the victim's insurer cannot be awarded restitution under Tenn. Code Ann. § 40-35-304 because the statute does not so provide. Accordingly, the Court of Criminal Appeals is reversed, and that portion of the judgment requiring payment of $68,589.09 to the insurance carrier is vacated. Inasmuch as we have vacated an element of the appellant's sentence, we remand the cause to the trial court for a new sentencing hearing. Costs of this cause are taxed against the State, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, JJ.
Reid, S.J.

8