# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1999 SESSION

FILED

March 3, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-01975-CCA-R3-CD |
| **Appellee** | * | BENTON COUNTY |
| **VS.** | * | Hon. Julian P. Guinn, Judge |
| **MICHAEL GERARD COPPOLA,** | * | (Probation Revocation) |
| **Appellant.** | * | |

For the Appellant

Vicki S. Snyder
Assistant Public Defender
117 North Forrest Avenue
Camden, TN  38320

For the Appellee

Paul G. Summers
Attorney General and Reporter

R. Stephen Jobe
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Robert "Gus" Radford
District Attorney General

Beth Boswell
Assistant District Attorney General
P.O. Box 503
Camden, TN 38320

OPINION FILED:

REVERSED AND REMANDED

NORMA MCGEE OGLE, JUDGE

**OPINION**

On April 28, 1997, the appellant, Michael Gerard Coppola, pled guilty in the Benton County Circuit Court to an array of offenses. The plea agreement provided for an effective six-year sentence with the Tennessee Department of Correction (T.D.O.C.) and payment of $3,363.10 of restitution to various victims. In March 1998, appellant completed boot camp and T.D.O.C. released him to probation, the terms of which required payment of the previously ordered restitution. The sole issue on appeal is the trial court's revocation of probation for failure to pay restitution. Based upon our conclusion that no probation violation occurred, we REVERSE and REMAND to the trial court.

**I. Factual Background**

On April 28, 1997, appellant pled guilty to nine offenses including aggravated burglary, burglary, several thefts, fraudulent use of a credit card and contributing to the delinquency of a minor. The plea agreement provided for an effective sentence of six years in the T.D.O.C. and payment of court-ordered restitution in the following amounts:

1. $   909.06 to Farmer's Insurance Company
2. $   250.00 to Sam Dodd
3. $   394.79 to Factory Jewelry
4. $1,327.85 to G.M. Card
5. $   481.40 to Bobby Spoon

On March 18, 1998, upon appellant's completion of boot camp, T.D.O.C. placed him on probation pursuant to Tenn. Code Ann. § 40-20-206 and imposed eleven conditions of release which included:

2. I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances.
. . .

10. I will pay restitution/fines as determined by the court.

On February 17, 1999, a probation violation report issued which alleged violation of rules two and ten. An amendment to that report alleged further violation

2

of rule two based upon a new charge of evading arrest in conjunction with law enforcement's attempt to serve the violation warrant.

On March 19, 1999, the trial court conducted a probation violation hearing in which no sworn testimony was received. It properly declined to revoke probation based upon arrests alone.[1]  *See* State v. Mark Crites, C.C.A. No. 01C01-9711-CR-00512, Sumner County (Tenn. Crim. App. filed February 9, 1999, at Nashville). However, based upon the unsworn dialogue with appellant, the trial court determined that appellant failed to pay the court-ordered restitution despite an ability to do so. The appellant contended his probation had been transferred to South Carolina, and the probation officer there refused to accept his proffered restitution payments. The trial court revoked probation, stating:

> "[W]hat I'm looking at is the man's admission that he could have made some payments but in fact he has made absolutely no payments. Now, there's the problem that you've got. And that's what the Court finds to be sufficient grounds for revocation."

## II. Analysis

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311; 40-20-206. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

---

[1]The trial court's probation revocation order indicates it also considered appellant's new arrests as a basis for revocation. However, where there are discrepancies between the transcript and the written record, the transcript controls. See State v. Zyla, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981) (where transcript and court minutes conflict, transcript controls).

In order to revoke probation based upon an alleged failure to pay restitution, the trial court must find on the record that (1) the failure to pay was willful; and (2) alternatives to imprisonment are inadequate to meet the State's interests in punishment, deterrence and insuring victims' restitution. State v. Dye, 715 S.W.2d 36, 41 (Tenn. 1986). Where the trial court fails to make these findings, "fundamental fairness requires that [appellant] remain on probation." Bearden v. Georgia, 461 U.S. 660, 674, 103 S.Ct. 2064, 2074, 76 L.Ed.2d 221, 234 (1983).

With regard to the restitution due in this case, the T.D.O.C. certificate establishing the terms of appellant's probation reads, "I will pay restitution/fines as determined by the court." The trial court sentenced appellant on April 28, 1997, to six years in the T.D.O.C., and understandably did not establish a specific payment schedule. Appellant then served part of his sentence in a special alternative incarceration unit (boot camp) from which he was released to probation on March 18, 1998, for the balance of his sentence. See Tenn. Code Ann. § 40-20-206. Nevertheless, without an established time frame for payment of restitution, we conclude that appellant was not in violation of probation at the time of the revocation hearing. See State v. Sherry Jenno, C.C.A. No. 01C01-9811-CC-00437, Marion County (Tenn. Crim. App. filed June 2, 1999, at Nashville).

Furthermore, it is clear from the probation revocation hearing transcript that the trial court failed to follow the dictates of Dye in deciding to revoke appellant's probation for failure to pay restitution. Although the trial court implied that appellant's failure to pay was willful, the court failed to specifically find that alternatives to imprisonment were inadequate to meet the state's interests in punishment, deterrence and insuring victims' restitution. Dye, 715 S.W.2d at 41.

We conclude, under the facts of this case, appellant's failure to pay restitution was not a proper basis for revocation of his probation. However, it would

4

appear the appellant, victims or district attorney may now petition the trial court to set a schedule of payments. *See* Tenn. Code Ann. § 40-35-304(f).

### III. Conclusion

Based upon the foregoing, we reverse the revocation and remand to the trial court to reinstate probation[2] and conduct such other proceedings as may be appropriate.[3]

_____
Norma McGee Ogle, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Alan E. Glenn, Judge

---

[2]Upon remand, the trial court may wish to consider whether any of the orders of restitution are improper under State v. Alford, 970 S.W.2d 944 (Tenn. 1998).

[3]As previously noted, the trial court acted properly when it declined to revoke probation based solely upon new arrests where the state presented no proof regarding the pending charges. We acknowledge the possibility that those charges may serve as legitimate bases for revocation provided the state presents testimony as to the underlying facts, or there were subsequent convictions entered on the charges.