IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2002

## STATE OF TENNESSEE v. WENDELL GARY GIBSON

**Direct Appeal from the Circuit Court for Maury County**
**No. 12135     Robert L. Holloway, Judge**

———————————

**No. M2001-01430-CCA-R3-CD - Filed June 24, 2002**

———————————

The sole issue in this appeal is whether the trial court erred in ordering the defendant to pay $18,000 in restitution. We reverse the judgment of the trial court regarding restitution and remand this matter for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Claudia S. Jack, District Public Defender; and Robin Farber, Assistant District Public Defender, for the appellant, Wendell Gary Gibson.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Mike Bottoms, District Attorney General; and Brent A. Cooper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to aggravated burglary, burglary, and two counts of Class D felony theft for breaking into the home and business of Shawn Sax, a tattoo artist, and stealing her property. He received an agreed effective sentence of four years probation. The trial court later held a hearing to determine the amount of restitution, which was a condition of probation. At the hearing, Sax testified she sustained losses to her business totaling $3,650, damage to her house and personal property totaling $3,000, and lost revenue of $1,000 as a result of the burglaries and thefts. She further stated a washer and dryer, a microwave, three DVD players, her grandmother's jewelry, and tools were missing, all of which she valued at $5,200. Therefore, according to the victim's

testimony, the total loss was approximately $12,850.[1]  At the close of the hearing, the trial court set the amount of restitution at $18,000 and ordered the defendant to pay a minimum of $100 per month toward the restitution during his period of probation.[2]

The defendant contends: (1) the amount of restitution was unreasonable given the defendant's economic circumstances; and (2) the proof at trial was insufficient to support the trial court's finding the victim suffered a loss of $18,000.  We remand for another hearing.

## STANDARD OF REVIEW

When an appellant challenges a trial court's restitution order, this court conducts a *de novo* review with a presumption the trial court's determinations are correct.  *See* Tenn. Code Ann. § 40-35-401(d); State v. Johnson, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997).

## SETTING THE AMOUNT OF RESTITUTION

A sentencing court may direct a defendant to make restitution to the victim for pecuniary loss as a condition of probation.  *See* Tenn. Code Ann. § 40-35-304(a); State v. Alford, 970 S.W.2d 944, 945 (Tenn. 1998).  Whenever the trial court believes restitution may be proper, or if the victim or district attorney general requests restitution, the court shall order the presentence officer to include documentation regarding the nature and amount of the victim's pecuniary loss in the presentence report.  Tenn. Code Ann. § 40-35-304(b).  The statute defines "pecuniary loss" to be:

> (1) All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant; and
>
> (2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense; provided, that payment of special prosecutors shall not be considered an out-of-pocket expense.

*Id.* at (e).

Special damages are those which are "the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence."  State v. Lewis,

---

[1] At the conclusion of the testimony, the victim made a vague reference to a "statement" in which she indicated losses of "$14,000 at home and $3,000 at the business."  The record does not reveal the nature of the "statement" or the method of calculation of the figures.  There were no exhibits to her testimony.

[2] We recognize the monthly payments ordered by the trial court total only $4,800.

-2-

917 S.W.2d 251, 255 (Tenn. Crim. App. 1995) (quoting **BLACK'S LAW DICTIONARY**, 392 (6th ed. 1990)). General damages are those which are "the necessary and immediate consequence of the wrong." *Id.* (quoting **WEBSTER'S NEW INTERNATIONAL DICTIONARY**, 664 (2d ed. 1957)).

When the victim's property has been damaged, the victim's damages are measured by determining the difference in the property's market value immediately before and immediately after the incident, or the cost of repair, whichever is less. *See* State v. Robert Patrick Swygert, No. 03C01-9801-CR-0043, 1999 Tenn. Crim. App. LEXIS 505, at *7 (Tenn. Crim. App. May 25, 1999, at Knoxville). A victim seeking restitution must present sufficient evidence to allow the trial court to make a reasonable, reliable determination as to the amount of the victim's loss. State v. David D. Bottoms, No. M2000-02080-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 408, at *35-36, *38 (Tenn. Crim. App. May 31, 2001, at Nashville). The trial court should determine the victim's actual loss based on realistic values. State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994).

It is unnecessary for the sentencing court to determine restitution in accordance with the strict rules of damages applied in civil cases. Johnson, 968 S.W.2d at 887. However, though the rules of damages are relaxed, they are not completely discarded. Bottoms, 2001 Tenn. Crim. App. LEXIS 408, at *36.

In Swygert, we stated the victim's loss must be documented. 1999 Tenn. Crim. App. LEXIS 505, at *7. We have also ruled general statements by a victim regarding the amount of his or her loss containing no explanation as to how the victim arrived at the amount are insufficient. Smith, 898 S.W.2d at 747. We conclude that while a victim's testimony standing alone may be sufficient to establish special damages for the purposes of restitution, the victim should explain how he or she arrived at the amount of damages requested. Further, documentation supporting the victim's testimony is helpful.

The sum of restitution ordered must be reasonable and does not have to mirror or equal the precise pecuniary loss. *Id.* There is no set formula or method for determining the amount. Johnson, 968 S.W.2d at 886. The sentencing court must consider not only the victim's loss, but also the financial resources and future ability of the defendant to pay or perform in determining the amount and method of payment. Tenn. Code Ann. § 40-35-304(d); Johnson, 968 S.W.2d at 886. An order of restitution which obviously cannot be fulfilled serves no purpose for the appellant or the victim. Johnson, 968 S.W.2d at 886.

When ordering restitution, the trial court shall specify the amount of time and payment; it may permit payment or performance of restitution in installments. Tenn. Code Ann. § 40-35-304(c). However, the court may not establish a payment or performance schedule which extends beyond the maximum statutory term of probation supervision that could have been imposed for the offense. *Id.* If the defendant, victim, or district attorney petitions the trial court, it may hold a hearing, and if appropriate, waive, adjust, or modify its order regarding restitution. *Id.* at (f). Furthermore, a restitution order may be converted to a civil judgment. *Id.* at (h) (Supp. 2001).

**ANALYSIS**

**A. The Defendant's Ability to Pay**

The defendant testified at the restitution hearing he worked as a roofer earning $250 to $300 per week at a rate of $7 per hour. He stated his child support obligation was $80 per week; he paid his mother $100 per month rent; and his probation fees were $45 per month. The defendant said he could pay $100 per month during most months of the year. Given this proof, we do not find the trial court erred in ordering the defendant to pay minimum payments of $100 per month in restitution.

**B. Amount of Victim's Loss**

The trial court did not indicate how it calculated the victim's losses to be $18,000, and the record indicates that figure is inaccurate. According to the victim's calculations in her testimony, her losses were $12,850. Therefore, the evidence does not support the findings of the trial court.

The state's proof at the restitution hearing consisted solely of the victim's testimony. The victim testified regarding the cost of replacing several items which were damaged or lost during the offenses. She indicated she replaced an air conditioner at a cost of $499 because it "broke into a million pieces" when the defendant entered the building through the hole where the air conditioner was installed. However, the victim did not provide a value of the air conditioner at the time of the offense; she merely recited the cost of its replacement. She testified ten tattoo machines were missing, costing $200 each. She stated three of these machines were "brand new, still in the box;" most of them were "fairly new;" and two or three were at the end of their two-year life span, although they could still be used. It can be inferred from the victim's testimony that the $200 value she placed on each machine was the cost of a new machine, although this is not clear from her testimony. The cost of replacing a used item with a brand new item is not the proper measure of damages. <u>Swygert</u>, 1999 Tenn. Crim. App. LEXIS 505, at *7. The victim further valued other used items based on their purchase price. She stated her five-year-old washer and dryer were worth $1,000, their original purchase price. She valued a DVD player that was more than one year old at approximately $200, the cost of a new DVD player. This evidence was not sufficient to establish the value of the items at the time of their loss.

The victim made conclusory statements regarding the value of several items without explaining her method for determining their value. She stated an almost new stereo purchased by her brother was worth $250; three power supplies were worth $200 each; and her ex-husband's tools were worth $3,000. Though the victim said she had an itemized list of the tools, she did not specify the type and number of tools stolen or describe them in any way except to indicate there were many of them, they were made by "Craftsman," and they were expensive. The victim testified $400 to $500 was a "low guess" as to the value for her grandmother's jewelry; however, she did not describe the jewelry.

This proof was insufficient to allow the trial court to make a reasonable, reliable determination as to the amount of the victim's loss, nor are we able to do so. For these reasons, we must remand this matter to the trial court so more specific proof can be taken regarding the victim's loss and to allow the trial court to make its determination upon sufficient evidence.

While the defendant does not raise the error on appeal, we observe the presentence report was not filed until after the trial court set the defendant's restitution; it was unavailable to the trial court at the time of the hearing. Thus, there was no documentation regarding the nature and the amount of the victim's pecuniary loss in a presentence report, as mandated by Tennessee Code Annotated section 40-35-304(b). On remand, the trial court should order the presentence officer to make a report documenting the nature and amount of the victim's pecuniary loss so the trial court may use the report in making its determination.

Further, according to testimony of the victim, some of the losses were incurred by the victim's former husband, who owned the tools and one of the DVD players. On remand, the trial court should determine whether payment to more than one victim is proper, and if so, should order an amount of restitution to each victim based on his or her pecuniary loss. *See* Tenn. Code Ann. § 40-35-304(g)(3).

## CONCLUSION

Accordingly, we reverse and remand this matter to the trial court for a determination of restitution.

_____
JOE G. RILEY, JUDGE