# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 4, 2003

### STATE OF TENNESSEE v. KENNETH PENCE

**Direct Appeal from the Circuit Court for Gibson County**
**No. 16157     Clayburn L. Peeples, Judge**

---

### No. W2003-00639-CCA-R3-CD  - Filed December 10, 2003

---

The defendant pled guilty to aggravated assault in exchange for a three-year sentence to be served on supervised probation with the trial court to determine the amount of restitution. Following a sentencing hearing, the trial court ordered the defendant to pay approximately $7,900.00 in restitution. In this appeal, the defendant argues: (1) the trial court erred in refusing to allow proof at sentencing regarding the circumstances surrounding the offense; and (2) the trial court erred in imposing restitution for the victim's lost wages, attorney's fees, and bond expenses, the latter two expenses resulting from the victim's defending himself against baseless criminal charges brought by the defendant. We affirm the trial court's decision regarding the admissibility of evidence and its order requiring the defendant to pay restitution for the victim's lost wages; we reverse the portion of the judgment which requires the defendant to pay restitution for the victim's attorney's fees and bond expenses.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed in Part; Reversed in Part; Remanded

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

L.L. Harrell, Jr., Trenton, Tennessee, for the appellant, Kenneth Pence.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; and Garry G. Brown, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 26, 2001, the defendant and the victim, who were coaches of opposing youth softball teams, became involved in an altercation. The defendant broke the victim's arm when he struck him with a metal softball bat. Pursuant to a plea agreement, the defendant pled guilty to aggravated assault and received a probated three-year sentence. The parties agreed the defendant would pay restitution to the victim, but were unable to agree on the amount. Immediately following the guilty plea, the trial court conducted a hearing and ordered the defendant to pay restitution for the victim's medical expenses not paid by insurance and the victim's lost wages. The trial court

further ordered the defendant to repay the victim for legal fees and expenses in posting bond that resulted from criminal charges filed against him by the defendant, which resulted in a "no true" finding by the grand jury.

## PROOF AT THE GUILTY PLEA AND SENTENCING HEARING

At the plea hearing, the district attorney general advised that the defendant attempted to strike the victim in the head with the bat when the victim raised his arm to defend himself; the blow from the bat broke the victim's arm. At the trial court's request, the defendant gave the following explanation of his version of the events:

> [The victim] come [sic] over to the dugout and started an argument and I told him to, "Get out of the dugout and get back across to the other side and I didn't need his advice on starting the lineup or the rules either one," and he just - - he just escalated it from there and he hit me and when he did I just reacted. I did not swing intentionally at his head either.

The defendant admitted striking the victim with the bat. He then pled guilty to aggravated assault.

Immediately following the defendant's guilty plea, the trial court heard proof on the issue of restitution. The victim testified he incurred $1,340.79 in medical bills which were not paid by insurance. He said he lost wages in the amount of $4,320.00 during the four weeks he could not work due to his injury. The victim further testified the defendant charged him with assault; the charges were bound over to the grand jury, who returned a "no true" bill. The victim said he paid an attorney $1,500.00 to represent him and his bail bond cost $750.00.

The defendant testified he lived with his elderly mother, had been unemployed since 1993, and received social security disability benefits of approximately $1,200.00 per month. He stated his monthly expenses were $1,266.00 and his only assets were a truck worth about $1,500.00 and a boat and motor worth $600.00.

The trial court ordered the defendant to pay $7,910.79 in restitution, an amount equal to the victim's unpaid medical expenses, lost wages, attorney's fees and bond expenses. At a subsequent hearing, the trial court ruled the defendant would be allowed to pay the restitution at the rate of $100.00 per month.

## I. EVIDENCE CONCERNING THE VICTIM'S ROLE IN THE OFFENSE

The defendant contends the trial court erred in not hearing proof regarding the facts and circumstances of the offense. He alleges the trial court should have considered proof that the victim precipitated the offense in determining the amount of restitution. This issue is without merit.

In the instant case, the only question before the trial court was the amount of restitution. Restitution is based upon the "pecuniary loss" suffered by the victim. Tenn. Code Ann. § 40-35-

304(e) (2003). In essence, the defendant asks us to adopt a "comparative fault" doctrine in determining restitution. This court has previously declined to adopt a "comparative fault" doctrine relating to the determination of restitution among co-defendants. *See* State v. Heather R. Dowdy, No. 02C01-9610-CR-00348, 1997 Tenn. Crim. App. LEXIS 671, at *9 (Tenn. Crim. App. July 18, 1997, at Jackson). We now decline to adopt such a theory based upon the victim's alleged conduct which had no relevance to the amount of the pecuniary loss. The admissibility of evidence lies within the discretion of the trial court. State v. Reid, 91 S.W.3d 247, 305 (Tenn. 2002). The trial court did not abuse its discretion in disallowing evidence regarding the victim's alleged role in the offense.

Further, even if the trial court erred in disallowing the evidence, the error was harmless. When taking the defendant's guilty plea, the trial court allowed the defendant to explain his version of the events in question. The defendant stated the victim hit him before he struck the victim with the bat. Therefore, the trial court heard proof that the victim was the first aggressor, but did not consider this proof in making its determination.

## II. RESTITUTION

Next, the defendant contends the trial court erred in ordering him to pay the victim's lost wages, attorney's fees, and bond expenses. We conclude the trial court properly ordered the defendant to pay the victim's lost wages but erred in requiring him to pay the victim's expenses stemming from the dismissed criminal charges.

A sentencing court may direct a defendant to make restitution to the victim for pecuniary loss as a condition of probation. *See* Tenn. Code Ann. § 40-35-304(a) (2003); State v. Alford, 970 S.W.2d 944, 945 (Tenn. 1998). The statute defines "pecuniary loss" to be:

> (1) All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant; and
>
> (2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense; provided, that payment of special prosecutors shall not be considered an out-of-pocket expense.

Tenn. Code Ann. § 40-35-304(e) (2003).

Special damages are those which are "the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence." State v. Lewis, 917 S.W.2d 251, 255 (Tenn. Crim. App. 1995) (quoting **BLACK'S LAW DICTIONARY**, 392 (6th ed. 1990)). General damages are those which are "the necessary and immediate consequence of the wrong." *Id*. (quoting **WEBSTER'S NEW INTERNATIONAL DICTIONARY**, 664 (2d ed. 1957)). It is unnecessary for the sentencing court to determine restitution in accordance with the strict rules of damages applied in civil cases. State v. Johnson, 968 S.W.2d 883, 887 (Tenn. Crim. App. 1997).

The sum of restitution ordered must be reasonable and does not have to mirror or equal the precise pecuniary loss. State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994). There is no set formula or method for determining the amount. Johnson, 968 S.W.2d at 886. The sentencing court must consider not only the victim's loss, but also the financial resources and future ability of the defendant to pay or perform in determining the amount and method of payment. Tenn. Code Ann. § 40-35-304(d) (2003); State v. Bottoms, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001).

When ordering restitution, the trial court shall specify the amount of time and payment; it may permit payment or performance of restitution in installments. Tenn. Code Ann. § 40-35-304(c) (2003). However, the court may not establish a payment or performance schedule which extends beyond the maximum statutory term of probation supervision that could have been imposed for the offense. Id. If the defendant, victim, or district attorney petitions the trial court, it may hold a hearing, and if appropriate, waive, adjust, or modify its order regarding restitution. Id. at (f). Furthermore, any unpaid portion of the restitution may be converted to a civil judgment. Id. at (h)(1); Bottoms, 87 S.W.3d at 108.

## A. Lost Wages

The defendant maintains the victim's lost wages in the amount of $4,320.00 may not be included as part of restitution because they are general damages. We disagree. In Johnson, this court rejected the defendant's argument that lost wages were not pecuniary losses under the restitution statute. 968 S.W.2d at 886. We see no reason to deviate from the Johnson holding.

The defendant further argues the amount of restitution ordered for the victim's lost wages is unreasonable in light of the defendant's financial resources. We cannot conclude the trial court abused its discretion in ordering the defendant to pay the victim's lost wages, especially in light of the trial court's order that the defendant would be allowed to pay restitution at the rate of $100.00 per month due to his limited finances.

## B. Attorney's Fees and Bond Expense

We must agree with the defendant that the trial court erred in ordering him to pay the victim's attorney's fees and cost to post bond as part of restitution. The victim incurred these expenses as a result of the unsuccessful criminal charges filed by the defendant arising from the same incident. These expenses were not "special damages" arising from the offense since neither expense was a direct or proximate result of the aggravated assault committed by the defendant. Further, they were not out-of-pocket expenses incurred by the victim when he filed charges against the defendant or when he cooperated with the state's investigation and prosecution of the offense. Therefore, these expenses do not fall within the statutory definition of "pecuniary loss" and should not have been included as restitution. See Tenn. Code Ann. § 40-35-304(e) (2003).

Accordingly, we modify the judgment of the trial court to reduce the amount of restitution by $2,250.00, the amount of the victim's attorney's fees and bond costs, to $5,660.79, an amount equal to the victim's medical expenses and lost wages as established at the hearing.

## CONCLUSION

The trial court did not err in refusing to hear evidence of the circumstances surrounding the offense where the sole issue before the court was the amount of restitution. Further, the trial court did not err in ordering the defendant to pay for the victim's lost wages as part of restitution. However, the trial court did err in ordering the defendant to pay the victim's legal fees and cost of posting bond as restitution. Accordingly, we modify the judgment of the trial court.

 

 

_____
JOE G. RILEY, JUDGE