# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 14, 2004

## STATE OF TENNESSEE v. DONNIE LOMAX

**Appeal from the Circuit Court for Houston County**
**No. 4572   Allen W. Wallace, Judge**

---

**No. M2003-01443-CCA-R3-CD - Filed August 4, 2004**

---

JOSEPH M. TIPTON, J., concurring in part and dissenting in part.

I concur in the named victims' receiving restitution.  However, I seriously question whether a person or entity situated as AFC was in this case could be viewed as a "victim" for restitution purposes.  The persons buying the vehicles are the named victims–and victims in fact–relative to the theft offenses charged in the indictment.  The defendant took their money.  AFC, with the titles, could have repossessed the vehicles.  However, it voluntarily chose to relinquish the titles to the named victims, thereby essentially removing their loss from their purchases.

In State v. Alford, 970 S.W.2d 944, 947 (Tenn. 1998), our supreme court concluded that the doctrine of subrogation could not avail any benefit to the insurance company claimant, implying that the legislature did not intend to provide restitution to subrogees.  AFC was seeking payment for losses it voluntarily accepted by providing the titles to the named victims.  I do not believe AFC can become a "victim" by such means.  Its remedies lie solely in a civil suit.

_____
JOSEPH M. TIPTON, JUDGE