IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1999 SESSION

FILED

June 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9710-CR-00395 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable L. T. Lafferty, Presiding Judge |
| | ) |
| **JOY SCHMIDT,** | ) (Theft of Property Over Sixty Thousand |
| | ) Dollars) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

WAYNE EMMONS
2502 Mt. Moriah Road, Suite A-100
Memphis, TN 38115

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

PETER COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

J. ROBERT CARTER
Assistant District Attorney General
Criminal Justice Center-Third Floor
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED AS MODIFIED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Joy Schmidt, appeals from the Shelby County Criminal Court's modifying her probation. She had pleaded guilty to theft of property over sixty thousand dollars, a Class B felony, and received a sentence of eight years as a standard Range I offender. The trial court then suspended her sentence to ninety days, to be served on weekends, and imposed ten years of probation, restitution of approximately $82,000, and a fine of $500. Approximately two months later, the trial court modified the probation by ordering the defendant to immediate incarceration for ninety consecutive days. The defendant appeals, asserting that the trial court improperly modified her probation because she was unable to make the monthly restitution payments of $750. The defendant also asserts that the restitution should be reduced by the amount paid to the victim under a dishonesty/theft insurance policy. We MODIFY the judgment, limiting the maximum amount of restitution to $32,000, and AFFIRM.

## BACKGROUND

In less than a year, the defendant forged at least sixty-two checks, totaling approximately $82,000, on United Agriculture, her employer at that time. The trial court accepted her plea and sentenced her to eight years with the Tennessee Department of Correction. The trial court suspended all but ninety days, to be served on weekends. That court placed the defendant on ten years probation and, as a specific condition of her probation, ordered her to make restitution payments of $750 per month to United Agriculture.

At the hearing for her Petition to Suspend Sentence, the defendant testified that she had no assets remaining from the stolen funds, because she spent the overwhelming majority of the money on clothes; tanning sessions; cosmetic services; private school for her daughter; extravagant meals; furniture; lessons for dancing, beauty contests, and related training for her daughter; and

similar expenditures.  The defendant further testified that she liquidated all her assets during several months of unemployment, after United Agriculture discovered the thefts.  With no foreseeable help from her family, her present and future pay were her sole source of funds for the restitution payments.  At the time of the hearing, she worked approximately forty hours per week and earned $10.25 per hour.

Dr. Roger Hanes, the president of United Agriculture, testified that their insurer, State Auto Insurance, had paid $50,000 of United's loss under a dishonesty/theft policy.

The trial court presided over a revocation hearing approximately two months later.  The defendant had made only one payment of two hundred dollars, paid the week of the revocation hearing.  The trial court modified her probation, ordering her to serve ninety consecutive days, because of her dishonesty with that court and her failure to extend a good faith effort to make her restitution payments to the victim.  The defendant also asserts that the restitution should be lowered in accordance with a recent decision from the Tennessee Supreme Court.

## STANDARD OF REVIEW

On an appeal from a trial court's modification of probation, this Court reviews the record for an abuse of discretion.  See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); see also State v. Cheakeater Johnson, No. 01C01-9308-CC-00285 (Tenn. Crim. App. filed July 21, 1994) ("[T]he standard of review is the same whether the trial judge actually revoked probation or simply modified the conditions.").  This Court will not disturb the trial court's judgment unless "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions probation has occurred."  Harkins, 811 S.W.2d at 82.

**ANALYSIS**

We first address the amount of the monthly restitution payment. In Tennessee, a court exercising criminal jurisdiction has no "inherent power or authority to order payment of restitution except as is derived from legislative enactment." State v. Alford, 970 S.W.2d 944, 945 (Tenn. 1998). "A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation," if that court "consider[s] the financial resources and future ability of the defendant to pay or perform" and does not extend the payment schedule beyond the statutory maximum term of applicable probation supervision. Tenn. Code Ann. § 40-35-304(a), (c), (d) (emphasis added).

However, the statute's "to the victim" language does not comprise "insurers which pay claims under an insurance contract." Alford, 970 S.W.2d at 946. The Tennessee Supreme Court has ruled that the General Assembly did not authorize restitution payments to insurers, even through subrogation, under these circumstances. Id. at 947. The state concedes that State Auto's payment to United Agriculture reduces the restitution owed United by $50,000. We therefore modify the judgment below, such that the restitution shall not exceed $32,000.[1]

We next address the trial court's modifying probation such that the defendant serves ninety consecutive days. This Court will not disturb the trial court's finding that the defendant had been untruthful with that court on several matters. Further, the trial court found that she had not extended the good faith effort at restitution that the court specifically established as a condition of her probation. Although she had been on probation over two months and owed at least $1500 by the day of the revocation hearing, she had made only one payment of $200 the week of that hearing. The trial court modified the

---

[1]On proper motion, the trial court may consider lowering the monthly payments by an amount proportional to this reduced total restitution.

defendant's probation for these reasons--not merely because the defendant had not paid the full scheduled amount of restitution. Lack of truthfulness and good faith with a trial court is a valid reason for that court's modifying probation. See State v. Bunch, 646 S.W.2d 158 (Tenn. 1993). We do not find an abuse of discretion by the trial court in its finding sufficient evidence for this modification. This issue is without merit.

## CONCLUSION

The judgment below is AFFIRMED AS MODIFIED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge