IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 15, 2020 Session

## STATE OF TENNESSEE v. MICHAEL RAY PERNA

**Direct Appeal from the Circuit Court for Coffee County**
No.   44000     Vanessa A. Jackson, Judge

---

### No. M2019-01032-CCA-R3-CD

---

The Defendant, Michael Ray Perna, pleaded guilty to a Class E felony violation of the Tennessee Code Annotated section 40-39-211(d)(1)(A) Sex Offender Registry Act.   At sentencing, the Defendant argued that he was acting as the minor victim's legal guardian pursuant to Tennessee Code Annotated section (d)(2)(D) and thus was only eligible for a fine by way of punishment, pursuant to Tennessee Code Annotated section 40-39-211(g)(4).   The trial court rejected the Defendant's argument and imposed a two-year sentence, suspended to probation after ninety days in jail.   After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined.   THOMAS T. WOODALL, J., not participating.

John E. Nicoll, District Public Defender; Willis C. McKee, Assistant Public Defender, Manchester, Tennessee (at trial); and M. Todd Ridley, Assistant Public Defender – Appellate Division, Franklin, Tennessee (on appeal), for the appellant, Michael Ray Perna.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; C. Craig Northcott, District Attorney General; and Jason M. Ponder, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I.   Facts

This case arises from the presence of the Defendant, who is a convicted sex offender, on the premises of an elementary school.   The Defendant, acting with the

permission of a child's parent, dropped the child off at the school. Based on this incident, a Coffee County grand jury indicted the Defendant for violating the terms of the Sex Offender Registry Act. During the Defendant's plea submission hearing, the State set forth the following account of the facts supporting the Defendant's guilty plea underlying this appeal:

> On February 13, 2017, [the Defendant] dropped off a child at New Union Elementary School and checked the child in late. [The Defendant] actually came to the office and signed the registration form checking the child in late. Pursuant to the Sex Offender Registration Act, he is not permitted to enter into a school where minors are present and, therefore, was charged with violation of that act.

The State informed the trial court that the Defendant was a convicted sex offender in the State of New York and became subject to the sex offender registry in Tennessee when he relocated to this state. Based on his conduct, the Defendant pleaded guilty to violating the Sex Offender Registry Act. The Defendant entered an open plea with a possible sentence of two years to be suspended to probation after ninety days of incarceration, as was recommended by the State, or the possible sentence of only a fine.

Following entry of his guilty plea, the trial court held a sentencing hearing to determine the Defendant's sentence in consideration of his argument that, pursuant to the Sex Offender Registry Act, Tennessee Code Annotated section 49-39-211(g)(4), he should be punished by fine only. At the sentencing hearing, the Defendant argued that his presence on the elementary school's grounds was in order to "help a friend out in dropping the child off at school." The Defendant conceded that the Sex Offender Registry Act, found at Tennessee Code Annotated section 40-39-211, prohibited him, as a registered sex offender, from being on school grounds. *See* T.C.A. § 40-39-211(d)(1)(A) (2019). He argued, however, that his presence on school grounds was permissible pursuant to an exception found at (d)(2)(D) of the statute because he was "dropping off or picking up a child or children and the person is the child or children's parent or legal guardian who has provided written notice of the parent's offender status to the school's principal or a school administrator upon enrollment." T.C.A. § 40-39-211(d)(2)(D).

The Defendant argued that, based on the general construction of the language of the statute, he was the minor child's "legal guardian." He argued that "legal guardian" was not defined by the statute and thus the "natural and ordinary" meaning of legal guardian, defined in the dictionary as "one who has the care of the person . . . of another," encompassed his care of the minor child. Based on this, the Defendant argued that he was ineligible for punishment in the form of confinement, as required by Tennessee Code

2

Annotated section 49-39-211(g)(1), but was only eligible to be fined pursuant to Tennessee Code Annotated section 40-39-211(g)(4). The Defendant submitted as an exhibit to the hearing the minor child's registration card at the elementary school, which listed the Defendant as an authorized individual to drop off/pick up the minor child.

Upon questioning from the trial court, the Defendant conceded that written notice of his sex offender status had not been provided to the school. The State argued that failure to provide written notice of his status removed any defenses contemplated by the statute for the Defendant's presence at the school.

At the conclusion of the hearing, the trial court concluded that the Defendant's having permission to drop off/pick up the child from school did not result in the Defendant being the child's "legal guardian," making section (g)(4) inapplicable. The trial court imposed the recommended sentence of two years, suspended to probation after service of ninety days in jail. The Defendant now appeals the trial court's imposition of split confinement.

## II. Analysis

The Defendant contends that the trial court erred when it imposed a two-year sentence, with a mandatory ninety days in jail, stating that he should only have been fined. He largely maintains his arguments from the sentencing hearing: that he was the minor child's legal guardian for the limited purpose of taking the minor child to school, and that, based on his status as such, can only be fined for his conduct. The State responds that the term "legal guardian" for the purposes of the statute does not apply to the Defendant in this instance because he merely had permission to take the minor child to school. The State further responds that, regardless of his argument that he was the purported legal guardian, based on the fact that the Defendant failed to provide notice to the school of his sex offender status, he was not eligible to claim the "fine only" benefit of Tennessee Code Annotated section 40-39-211(g)(4). We agree with the State.

This question is one of statutory interpretation and, as such, we review it *de novo*, without a presumption of correctness. *State v. Walls*, 62 S.W.3d 119, 121 (Tenn. 2001). When construing any statute, our paramount obligation is to ascertain and effectuate the Legislature's intent. *State v. Alford*, 970 S.W.2d 944, 946 (Tenn. 1998). In order to do so, we take the natural and ordinary meaning of the language contained in the statute, without a forced construction to limit or extend its meaning. *State v. Whitehead*, 43 S.W.3d 921, 928 (Tenn. Crim. App. 2000). All ambiguities will be resolved in favor of the defendant. *State v. Rogers*, 992 S.W.2d 393, 400 (Tenn. 1999).

The Sex Offender Registry Act, found at Tennessee Code Annotated Section

3

40-39-211 provides that:

> No sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, shall knowingly:
>
> (A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present;

T.C.A. § 40-39-211(d)(1)(A). Tennessee Code Annotated section (d)(2)(D) states that (d)(1) shall *not* apply when the offender, "Is dropping off or picking up a child or children and the person is the child or children's parent or legal guardian who has provided *written notice* of the parent's offender status to the school's principal or a school administrator upon enrollment." T.C.A. § 40-39-211(d)(2)(D) (emphasis added). A violation of section (d)(1)(A) is subject to cumulative punishment, at a minimum not less than ninety days of incarceration, *see* section (g)(1)-(3), however a violation "solely due to a lack of *written permission*" is punishable by a fine only. T.C.A. § 40-39-211(g)(4) (emphasis added). The Defendant relies on section (g)(4) to support his argument that he is not eligible for a sentence of confinement.

The Defendant concedes that he violated section (d)(1)(A) when he entered the elementary school to drop off the minor child. He further concedes that he did not provide written notice of his sex offender status to the elementary school. He maintains, however, that he is entitled to an "absolute defense" pursuant to section (d)(2)(D), because he was the "legal guardian" for the minor. He further contends that, accordingly, because his violation is based only on a lack of written notice he is only eligible for punishment in the form of a fine according to section (g)(4). We disagree.

We turn first to address the Defendant's argument that he was the minor victim's legal guardian. Black's Law Dictionary defines "guardian" as "[s]omeone who has the legal authority and duty to care for another's person . . ., esp[ecially] because of the other's infancy. . . ." BLACK'S LAW DICTIONARY (11th ed. 2019). The Defendant had permission to take the minor child to school, as evidenced by the minor child's parent listing the Defendant's name on the school registration card as someone who was authorized to drop off and pick up the minor child. This authorization is not equivalent to the Defendant having "legal authority and duty" to care for the minor child. To hold otherwise would confer legal guardianship to every person listed on any child's school registration card. This is not the plain and ordinary interpretation of our Legislature's

4

intent in this statute. For the purposes of Tennessee Code Annotated section 40-39-211, we conclude that a "legal guardian" is one who has the legal authority and duty to care for the child.

In light of this conclusion, the Defendant was not entitled to the defense granted to parents or legal guardians permitting them, upon providing written notice to the school principal or administrator, to be on elementary school grounds. Thus, the Defendant violated Tennessee Code Annotated section 40-39-211(d)(1)(A), was not entitled to a defense, and was properly sentenced by the trial court in accordance with Tennessee Code Annotated section 40-39-211(g)(1) (providing that the first violation of this part is punishable by a fine of not less than three hundred fifty dollars ($350) and imprisonment for not less than ninety (90) days.

As further support for our holding that Tennessee Code Annotated section 40-39-211(g)(4) is inapplicable to the Defendant, we note that section (g)(4) states that it applies when the violation is due solely to the lack of "written permission." The Defendant seeks to take advantage of section (d)(2)(D), which states that it is not a violation if the offender is the child's legal guardian and drops the child off at school after having given the school "written notice." Another section of (d)(2), namely (d)(2)(B), states that it not a violation when the offender attends a conference with a school or day care, etc., as a legal guardian if the offender has received "written permission" from the school or day care, etc. Section (g)(4) uses the language "written permission" and does not include mention of the language "written notice." As such, plain interpretation of the language of the statute forces the conclusion that (g)(4) does not apply to the section (d)(2)(D) at all unless and until the Legislature includes the language "written notice" in that subsection.

We conclude that the Defendant was not the minor child's legal guardian; therefore, any sentencing considerations afforded by Tennessee Code Annotated section 40-39-211(g)(4) are not applicable. We further conclude that section (g)(4) does not apply to section (d)(2)(D). As such, the Defendant is not entitled to relief.


### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude the trial court properly sentenced the Defendant. As such, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE