IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2020

**STATE OF TENNESSEE v. JASON MONROE GRIFFITH**

**Appeal from the Criminal Court for Sullivan County**
**No. S66986    William K. Rogers, Judge**

_____

**No. E2020-00259-CCA-R3-CD**

_____

The Defendant, Jason Monroe Griffith, pleaded guilty to one count of attempted aggravated burglary, seven counts of aggravated burglary, ten counts of theft of property, and one count of conspiracy to commit aggravated burglary, and he entered a "best interest" plea to one count of aggravated burglary pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). The trial court imposed an effective sentence of 15 years and ordered the Defendant to pay $10,750 in restitution. On appeal, the Defendant argues that the trial court should have held a hearing regarding his ability to pay restitution and the reasonableness of the restitution amount. After review, we reverse the judgment of the trial court with respect to restitution and remand this case for a restitution hearing and entry of amended judgments that reflect the amount of restitution and the manner of payment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Melissa G. Owens, Kingsport, Tennessee, for the appellant, Jason Monroe Griffith.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Barry Staubus, District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On August 9, 2016, the Sullivan County Grand Jury returned a twenty-four-count presentment against the Defendant, charging him with twelve counts of aggravated burglary, six counts of theft of property valued over $500 but less than $1,000, four counts of theft of property valued over $1,000 but less than $10,000, and one count of conspiracy to commit aggravated burglary. On November 19, 2019, the Defendant entered guilty pleas to one count of attempted aggravated burglary, seven counts of aggravated burglary, ten counts of theft of property, one count of conspiracy to commit aggravated burglary, and he entered an Alford plea to one count of aggravated burglary. The remainder of the counts were dismissed pursuant to a plea agreement. The trial court sentenced the Defendant as a Range III, persistent offender to a total effective sentence of 15 years in the Department of Correction, with a release eligibility of forty-five percent. The Defendant was further ordered to pay a $500 fine, court costs, and $10,750 in restitution.

At the November 19, 2019 plea hearing, the Defendant stipulated that the value claimed by the victims was the amount they lost, totaling $10,750, though defense counsel noted that not every victim had claimed restitution. The Defendant requested a restitution hearing to determine his ability to pay the restitution, and he asserted that he was without savings. Further, the Defendant had previously requested a reduction in his bond amount on April 8, 2019, citing his lack of income or savings. In response, the trial court entered a restitution order for $10,750, and when asked for clarification by defense counsel, explained that "the order will be that there is restitution owed of $10,750. But as far as his ability to pay would be like . . . [the State] said, that would be a matter for parole and . . . that's a matter that should be . . . taken up down the road." The trial court responded affirmatively when defense counsel clarified, "[A]s to how [the Defendant] is or is not to pay it, you're saying that will be an issue for parole to figure out?" Ultimately, the trial court stated that the Defendant's ability to pay restitution and a pay schedule would be "reserved for a later date." This timely appeal followed.

## ANALYSIS

On appeal, the Defendant argues: 1) that the trial court should have held a restitution hearing regarding the Defendant's ability to pay restitution; and 2) that the restitution amount of $10,750 is unreasonable considering the Defendant's financial resources. The State concedes that this case should be remanded to the trial court for "proceedings on the [D]efendant's resources, ability to pay, and the establishment of a pay schedule."

We review a trial court's order of restitution under an abuse of discretion standard, with a presumption that the trial court's ruling was reasonable. See State v. John N. Moffit, No. W2014-02388-CCA-R3-CD, 2016 WL 369379, at *4 (Tenn. Crim. App. Jan. 29, 2016), perm. app. denied (Tenn. June 24, 2016) (citing State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012); State v. David Allen

Bohanon, No. M2012-02366-CCA-R3-CD, 2013 WL 5777254, at *4 (Tenn. Crim. App. Oct. 25, 2013)). A trial court's exercise of discretion will only be reversed on appeal if the court "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" State v. Robinson, 146 S.W.3d 469, 490 (Tenn. 2004) (quoting State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997)); see also State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999).

Tennessee Code Annotated section 40-20-116 mandates restitution of either the property or, if that is not possible, the value of the property in cases in which a defendant has been convicted of "stealing or feloniously taking or receiving property[.]" Tenn. Code Ann. § 40-20-116(a) (2012). "The purpose of restitution is not only to compensate the victim but also to punish and rehabilitate the guilty." State v. Johnson, 968 S.W.2d 883, 885 (Tenn. Crim. App. 1997). Tennessee courts are encouraged to order restitution when appropriate, see Tenn. Code Ann. §§ 40-35-102(3)(D), -103(6), but trial courts "are without inherent power or authority to order payment of restitution except as is derived from legislative enactment." State v. Alford, 970 S.W.2d 944, 945 (Tenn. 1998).

When ordering restitution as a condition of probation, the trial court must consider not only the victim's losses, but also the financial resources and future ability of the defendant to pay. Tenn. Code Ann. § 40-35-304(d); State v. Bottoms, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001). This is because "[a]n order of restitution which obviously cannot be fulfilled serves no purpose for the [defendant] or the victim." Johnson, 968 S.W.2d at 886. The trial court shall specify the amount and time for payment and may permit payment or performance of restitution in installments. Tenn. Code Ann. § 40-35-304(c). The court may not establish a payment or schedule that extends beyond the expiration of the sentence. Id. § 40-35-304(g)(2). If, however, any portion of the ordered restitution remains unpaid at the expiration of the payment period, it may be converted to a civil judgment. Id. § 40-35-304(h).

In the instant case, the trial court set a restitution amount at $10,750 and "reserved for a later date" any discussion regarding the Defendant's ability to pay restitution, method of payment, or payment schedule. There is nothing in the record before us to determine how the restitution amount was determined, except that the parties stipulated that the victims' losses totaled $10,750. Further, there is nothing in the record to indicate that the trial court considered the Defendant's ability to pay restitution, as required by Tennessee Code Annotated section 40-35-304(d), and the judgment forms fail to state the time of payment or any other repayment terms, as required by Tennessee Code Annotated section 40-35-304(c).

Because the trial court did not give proper consideration to the Defendant's financial resources and his future ability to pay, we remand the case to the trial court for further

findings regarding the Defendant's resources and future ability to pay, as well as for a determination of a reasonable amount of restitution, including the setting of a monthly payment plan, if appropriate.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, the judgment of the trial court is reversed with respect to restitution, and the case is remanded to the trial court for further proceedings consistent with this opinion.


_____
ALAN E. GLENN, JUDGE